IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MICHAEL L. WEATHERSPOON,
      Plaintiff,

v.                              Case No.: 3:06cv55/EMT

BAPTIST HOSPITAL, INC.,
      Defendant.
_____/

## ORDER

       This cause is before the court on Defendant's motion to compel Plaintiff's response to interrogatories and requests for production (Doc. 31) and Plaintiff's response thereto (Doc. 35).

       This is an action alleging unlawful employment practices in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*  Generally, Plaintiff alleges Defendant unlawfully terminated his employment on the basis of his race (Doc. 1 at 5).  Plaintiff seeks re-employment by Defendant, monetary damages, and costs and fees (*id*. at 6).

       On June 27, 2006, Defendant propounded its first set of interrogatories (consisting of ten interrogatories) and first and second requests for production of documents (consisting of a total of twenty requests) upon Plaintiff (*see* Doc. 31 ¶ 1).  In Defendant's motion to compel, counsel contends that Plaintiff failed to respond to any of the requests (*id*. ¶¶ 1, 4, 5).  Plaintiff responded to Defendant's motion by stating that he believes Defendant's questions are irrelevant (Doc. 35).

       The Federal Rules of Civil Procedure provide that a party may serve written interrogatories upon another party. Fed. R. Civ. P. 33(a).  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.  Fed. R. Civ. P. 33(b)(1).

The Rules also provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b). If the documents for production are not in existence, the objecting party should so state under oath. See Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to an interrogatory or request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(3).

Plaintiff does not dispute that he did not respond to any of Defendant's discovery requests. Furthermore, Plaintiff does not allege that he properly objected to any of the requests, nor does he allege good cause for his failure to object.[1]  Therefore, Plaintiff shall be required to respond to all of Defendant's discovery requests.

The remaining issue is whether Defendant is entitled to an award of expenses. Rule 37(a)(4) provides, in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In the instant case, Plaintiff has offered no satisfactory justification for his failure to respond to the discovery requests. Therefore, Defendant is entitled to the payment of reasonable expenses incurred in making the motion to compel, including attorney's fees.

---

[1]Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. Fed. R. Civ. R. 33(b)(4).

Accordingly, it is **ORDERED**:

1.       Defendant's motion to compel discovery responses (Doc. 31) is **GRANTED**.

2.       Plaintiff shall respond to Defendant's discovery requests within **TEN (10) DAYS** of the date of docketing of this order.

2.       Defendant shall be awarded the reasonable expenses, including attorney's fees, incurred in making the motions to compel.  Within **TEN (10) DAYS** from the date of docketing of this order, Defendant shall submit documentation of the expenses incurred in making the motion to compel.

       **DONE AND ORDERED** this 16th day of August 2006.


       /s/ *Elizabeth M. Timothy*
       **ELIZABETH M. TIMOTHY**
       **UNITED STATES MAGISTRATE JUDGE**