IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL L. WEATHERSPOON,
    Plaintiff,

vs.                                  Case No.:  3:06cv55/EMT

BAPTIST HOSPITAL, INC.,
    Defendant.
_____/

**O R D E R**

       This cause is before the court upon referral from the clerk.  On August 18, 2006, this court issued an order (Doc. 40) directing Plaintiff to respond to Defendant's Motion for Extension of Time Within Which to Conduct Discovery Until October 5, 2006 (Doc. 38) and Motion to Compel Attendance of Witness at Deposition and Supporting Memorandum (Doc. 39).  Plaintiff has declined to respond to the motions.  Additionally, pursuant to the order of this court issued August 16, 2006 (Doc. 37), Defendant has submitted documentation of the expenses incurred in making its motion to compel Plaintiff's response to interrogatories and requests for production, which the court granted (*see* Doc. 37).

       In its Motion to Compel Attendance of Witness at Deposition (Doc. 39), Defendant states that it scheduled the deposition of Kimberly Weatherspoon, Plaintiff's wife, on July 26, 2006 (*see* Doc. 39 ¶ 1).  Just prior to the deposition, Plaintiff informed counsel for Defendant that his wife would not be appearing for the deposition (*id.*).  Therefore, Defendant rescheduled the deposition to take place on August 17, 2006, and on August 10, 2006, Ms. Weatherspoon was served with a subpoena commanding her appearance at the deposition (*id.* ¶ 1, Exs. A, B).  Ms. Weatherspoon failed to appear for the deposition at 9:00 a.m. on August 17, 2006, and upon Defendant's counsel's return to his office from the court reporter's office, a letter from Ms. Weatherspoon was in the

morning mail, dated August 15, 2006, stating that she would not appear at the deposition and requesting that counsel not "harass" her because she "has had enough added stress" as a result of this discrimination case filed by her husband (Doc. 39 ¶ 2, Ex. C).

Defendant states that the deposition of Ms. Weatherspoon is appropriate and necessary. Plaintiff's complaint challenges his termination from employment by Defendant on the ground that his termination was due to his race. Defendant contends that Plaintiff was terminated after smelling of alcohol at work and subsequently failing alcohol testing procedures. According to Defendant, Plaintiff admitted during his deposition that he had been drinking alcohol into the early morning hours on the day in question, but denied that he was intoxicated to the extent he would have tested positive for alcohol while at work. Defendant states that Ms. Weatherspoon may have relevant information regarding her husband's consumption of alcohol or other activities prior to reporting for work on the day in question. Additionally, Ms. Weatherspoon's deposition is appropriate to the extent Plaintiff may wish to have her testify regarding the issue of damages. Because the deposition of Ms. Weatherspoon appears likely to lead to discoverable information, Defendant's motion to compel her deposition will be granted.

In its Motion for Extension of Time Within Which to Conduct Discovery Until October 5, 2006, Defendant requests an extension of the discovery deadline from August 18, 2006 to October 5, 2006, in order to conduct the deposition of Ms. Weatherspoon, as well as the deposition of Ms. Judy Smith, a nurse practitioner employed by Plaintiff's treating physician, scheduled for August 28, 2006 (*see* Doc. 38 ¶¶ 2, 3). Additionally, counsel states that further discovery may be required upon Plaintiff's response to Defendant's interrogatories and requests for production, which this court ordered Plaintiff to provide by August 31, 2006 (*see* Doc. 37). Good cause having been shown for extension of the discovery deadline to October 5, 2006, Defendant's motion shall be granted.

Finally, the court will address the award of Defendant's expenses incurred in filing its Motion to Compel Discovery Answers and Supporting Memorandum (Doc. 31). On August 16, 2006, the undersigned entered an order granting Defendant's motion to compel discovery and awarding Defendant reasonable expenses incurred in making the motion (*see* Doc. 37). The court directed Defendant to submit documentation of the expenses incurred in making the motion (*id*.). Upon review of the documentation, this court concludes that Defendant is entitled to the expenses

documented in counsel's affidavit (*see* Doc. 41, Affidavit of Russell F. Van Sickle). Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part:

> (a) **Motion For Order Compelling Disclosure or Discovery**. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . .
>
> . . . .
>
> (4) **Expenses and Sanctions**.
>
>   (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

In the instant case, this court concludes that Defendant made a good faith effort to obtain the discovery material without court intervention. Additionally, Plaintiff responded to Defendant's motion to compel stating that he would not respond to requests that he deemed were irrelevant (*see* Doc. 35). This court finds that Plaintiff's refusal to respond to Defendant's requests was not substantially justified, and that no other circumstances exist that would make an award of expenses unjust. Accordingly, Defendant will be awarded reasonable expenses incurred in making the motion to compel (Doc. 31).

The undersigned has carefully reviewed the affidavit of counsel for Defendant (Doc. 41), and the undersigned finds that the submitted expenses are reasonable, and Plaintiff shall be required to pay them, for a total award of $200.00.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Compel Attendance of Witness at Deposition (Doc. 39) is **GRANTED**.

2. Defendant's Motion for Extension of Time Within Which to Conduct Discovery Until October 5, 2006 (Doc. 38) is **GRANTED**.

3.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall pay to Defendant the sum of **$200.00 (two hundred dollars)** for expenses, including attorney's fees, incurred in making the motion to compel (Doc. 31).

**DONE AND ORDERED** this 31st day of August 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**